UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY EDWARD THAYER,<br><br>Defendant. | 4:16-CR-40131-01-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Bradley Edward Thayer, moves for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 57. Plaintiff, the United States of America, opposes the motion. Dockets 63, 70. For the following reasons, the court denies defendant's motion for compassionate relief.

## BACKGROUND

Thayer pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Docket 45. On November 27, 2017, the court sentenced Thayer to 240 months in custody and 10 years of supervised release. Docket 51. The court later reduced that sentence to 120 months in custody and 5 years of supervised release. Docket 56 at 2-3. Thayer is eligible for home confinement on August 22, 2025, and his current anticipated release date is February 22, 2026. Docket 59 at 76.

Thayer is incarcerated at Federal Prison Camp (FPC) Duluth in Duluth, Minnesota. Docket 62 at 1. As of August 31, 2020, there are currently zero active COVID-19 cases among FPC Duluth's inmates and staff, and one inmate

has recovered from COVID-19. *See BOP: COVID-19 Update*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited on Sept. 1, 2020); Docket 70-1.

Thayer is 63 years old. Docket 66 at 1. His chronic health conditions include essential (primary) hypertension, hyperlipidemia, an enlarged prostate, and prediabetes. Docket 59 at 34, 46-47. Thayer was also diagnosed with chronic obstructive pulmonary disease (COPD) in 2001. Docket 62-1 at 4, 6-7.

On March 29, 2020, Thayer completed an Inmate Request to Staff form. Docket 59 at 1. Thayer requested that he be considered for home confinement due to COVID-19, his age, and his health. *Id.* The Warden received the form on April 7, 2020. *Id.* On May 12, 2020, Thayer submitted a formal request to the Warden, asking to be released early under the Compassionate Release Program due to his medical conditions. Docket 62-2. The Warden received this request on the same day. *Id.*

Thayer filed a pro se motion with the court for relief under the First Step Act. Docket 57. Thayer's counsel subsequently filed a supplement to his pro se motion. Docket 62.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in

the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Thayer argues that the "unprecedented and extraordinary risk posed by the global COVID-19 pandemic," together with his age and health conditions satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 62 at 1. Thayer requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as a condition of supervised release. *Id.*

I. **Administrative Exhaustion**

Previously, only the Bureau of Prisons (BOP) Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to

grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Thayer first submitted a request for home confinement on March 29, 2020. Docket 59 at 1. The Warden received Thayer's request on April 7, 2020. *Id.* The 30-day period expired on May 7, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Thayer's motion is ripe for review on the merits.

II.   **Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other

4

than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at

5

\*3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at \*3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at \*3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at \*2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Thayer has failed to show that his age and health conditions rise to extraordinary and compelling circumstances.

Thayer contends that his circumstances warrant relief under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D). Docket 62 at 15-18. Thayer argues that his age and health conditions put him at high-risk of serious complications if he contracts COVID-19. *Id.* at 9-17. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, COPD, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), serious heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical*

6

*Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Aug. 14, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of medical conditions that *might* put a person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), hypertension or high blood pressure, smoking, liver disease, Type 1 diabetes mellitus, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Thayer's health conditions include COPD, hypertension, hyperlipidemia, enlarged prostate, and prediabetes. The CDC has identified that people with COPD are at an increased risk of severe illness from COVID-19. But Thayer's medical records from the BOP do not list COPD as a medical condition of Thayer, although Thayer presented evidence to the court that he was diagnosed with COPD in 2001. *See* Dockets 59, 66; Docket 62-1. BOP records note that Thayer may have lung issues and a risk for lung cancer. Docket 59 at 6, 11-12. Assuming that Thayer has COPD, he has not identified how his COPD prevents him from providing self-care in a correctional facility setting or how it amounts to extraordinary and compelling circumstances. *United States v. Thompson*, 2020 WL 2857816, at *2-3 (E.D. Wash. June 2, 2020) (finding 67-year old defendant with asthma and COPD did not establish extraordinary or compelling reasons because defendant's medical conditions did not incapacitate him and he was receiving medical care for his illnesses).

Thayer's hypertension is listed as a medical condition that *might* increase the risk of severe illness from COVID-19. As for Thayer's other medical conditions, hyperlipidemia, prostate issues, and prediabetes, are not listed as medical conditions that might increase or increase the risk of severe illness from COVID-19.

While some of these chronic conditions may put Thayer at a higher risk of severe illness if he contracts COVID-19, that has not been the case as of yet. *See United States v. Fry*, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (holding that to merit compassionate release, inmate "must show more than a mere speculation of the possibility of contracting the virus."). Additionally, there is no evidence in the record to suggest he has not been able to manage these conditions while in the prison environment. Thayer is receiving medical attention and treatment for these conditions, which all appear to be stable or controlled. *See* Docket 59 at 8 (stating enlarged prostate is stable and hypertension is at treatment goal); *id.* at 9 (receiving medical attention and prescription for current medical conditions); *id.* at 14 (stating cholesterol numbers are within normal limits). "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020). Thus, the court finds that Thayer does not satisfy the criteria under U.S.S.G. § 1B1.13 comment note 1(A) or U.S.S.G. § 1B1.13 comment note 1(D).

Additionally, Thayer's motion has not shown that the BOP's response to the pandemic at FPC Duluth has been inadequate in any way. *See United*

*States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."). At the present time, there are zero active COVID-19 cases among the inmates and staff at FPC Duluth and one inmate has recovered from COVID-19. *See* Docket 70-1. "Thus, it appears that the facility has been responding to and defending against the threats of the virus in a vigorous and generally effective manner." *United States v. Williams*, 2020 WL 4756738, at *4 (E.D. Pa. Aug. 17, 2020); *see also* Docket 70-1 (describing FPC Duluth's positive COVID-19 case and quarantine/tracing procedures); *United States v. Berry*, 2020 WL 4035457, at *3 (D.N.J. July 17, 2020) ("[G]iven the markedly restrained progression of the virus within FCI Schuylkill, as compared to within the Delaware Valley region generally, BOP's Action Plan appears to be having a positive impact."). Although Thayer is unable to practice preventative measures as effectively in custody as he would in home confinement, FPC Duluth encourages inmates to wash their hands frequently, wear facial masks, and practice social distancing when feasible. *See BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/covid19_status.jsp (last visited Sept. 1, 2020). Thayer can do all those recommendations to some extent.

The court believes that Thayer's health conditions are appropriately

managed at FPC Duluth, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, and that it would act to treat any inmate who does contract COVID-19. Although the court in no way underestimates Thayer's health conditions, such ailments, coupled with the present conditions at FPC Duluth, do not establish extraordinary and compelling reasons justifying his early release.

Even assuming Thayer's age and medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Thayer was found responsible for possessing more than 2.4 kilograms of actual methamphetamine. Docket 45 ¶ 15. At his sentencing, Thayer had a criminal history category of III because he had two prior state drug convictions. *Id.* ¶¶ 32-34. Additionally, the court previously reduced Thayer's sentence. *See* Dockets 55, 56. Thayer's current sentence of 120 months is already less than the offense's mandatory minimum of 240 months. *See* Docket 36 at 2; Docket 45 ¶ 60. And Thayer has only served approximately 30% of his sentence. Docket 59 at 77. Therefore, the court finds that Thayer's sentence of 120 months in custody with 5 years of supervised release continues to be appropriate for the seriousness of the crime to which he pleaded guilty.

## CONCLUSION

Thayer has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Dockets 57) is denied.

Dated September 3, 2020.

                                    BY THE COURT:

                                    */s/ Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE